**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

MANUEL FERNANDEZ-TORRES,

    Plaintiff,

v.

HARRELL WATTS; RAYMOND E. HOLT;
ANTHONY HAYNES; DR. BRUCE COX;
and UNITED STATES OF AMERICA,

    Defendants.

CIVIL ACTION NO.: 2:16-cv-24

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this cause of action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, *et seq.* (Doc. 1.) Plaintiff's Complaint contests certain conditions of his confinement while he was incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). (Id.) The Court vacated its previous Report recommending dismissal of Plaintiff's Complaint and ordered service of Plaintiff's Complaint. (Doc. 7.) Defendants then filed a Motion to Dismiss, and Plaintiff filed a Response. (Docs. 14, 16.) For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Defendants' Motion to Dismiss, **DISMISS** Plaintiff's Complaint, and **DENY** Plaintiff leave to appeal *in forma pauperis*. I further **RECOMMEND** that the Court **DIRECT** the Clerk of Court to **CLOSE** this case.

## BACKGROUND[1]

Plaintiff, a Santeria practitioner, was incarcerated at FCI Jesup from 2010 until October 23, 2014. (Doc. 1, p. 3.) During that time, he sought to have Santeria bead necklaces sent to him by an unapproved vendor. (Id. at p. 4; Doc. 1-1.) Defendants denied Plaintiff's request to receive beads from his spiritual family and directed Plaintiff to purchase the beads from an approved vendor. (Id.; Doc. 1-2.) Plaintiff states that his religion requires him to wear Santeria beads that have been infused by a special ceremony with the spiritual force, Ache, and that beads sold by a vendor are not guaranteed to have undergone this ceremony. (Doc. 1, p. 7.) Beginning on October 28, 2011, Plaintiff filed a grievance and a series of appeals pursuant to the Bureau of Prisons' grievance policy. (Docs. 1-3, 1-5, 1-7.) (Id.) Defendant Harrell Watts, the Bureau's Administrator of National Inmate Appeals, denied Plaintiff's final appeal on January 24, 2013. (Doc. 1-8.)

On October 23, 2014, Plaintiff was released to a halfway house in his home territory of Puerto Rico and then later to home confinement. (Doc. 1, p. 6.) Since at least December 1, 2014, officials at FCI Jesup have allowed inmates to receive Santeria beads from non-approved sources. (Id.) Plaintiff filed the present lawsuit more than a year later, on February 18, 2016. In his Complaint, Plaintiff sought compensatory damages, punitive damages, nominal damages, and the costs and expenses of litigation. (Id. at p. 13.) He claimed Defendants violated the First Amendment's Free Exercise Clause, the Equal Protection Clause, and RFRA. (Id.)

On February 26, 2016, I recommended that Plaintiff's RFRA and Bivens claims be dismissed against the United States entirely and against Defendants in their official capacities. Furthermore, I recommended that the Court dismiss Plaintiff's Bivens claims due to statutory

---

[1] The Court takes the following facts from Plaintiff's Complaint and assumes them to be true, as it must at this stage.

2

untimeliness and his RFRA claims because "RFRA does not provide for such [monetary] relief." (Doc. 4, p. 12.) However, on June 6, 2016, I vacated the Report and Recommendation because Plaintiff's Objections included information that made his cause of action "no longer so patently untimely that the Court should dismiss the case at this early stage." (Doc. 7, p. 2.)

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

## DISCUSSION

**I. Dismissal of Claims Against the United States and Defendants in Their Official Capacities**

Plaintiff's Objections included supplemental information regarding whether the statute of limitations under Bivens should be equitably tolled. Notwithstanding the Court's vacatur of its earlier Report and Recommendation, this information does not impact the Court's previous analysis regarding Plaintiff's claims against the United States and Defendants in their official capacities. "Bivens only applies to claims against federal officers in their individual capacities; it does not create a cause of action for federal officers sued in their official capacities." Sharma v. Drug Enforcement Agency, 511 F. App'x 898, 901 (11th Cir. 2013). Furthermore, a Bivens action cannot be brought directly against the United States or against a federal agency. FDIC v. Meyer, 510 U.S. 471, 472 (1994); Daniel v. United States, 891 F. Supp. 600, 603 (N.D. Ga. 1995) ("A Bivens action is a judicially created remedy against federal actors in their individual capacities and does not create a remedy against the United States.").

Additionally, the Eleventh Circuit Court of Appeals has held that Congress did not unequivocally waive the United States' sovereign immunity through RFRA. Davila v. Gladden, 777 F.3d 1198, 1210–11 (11th Cir. 2015). Therefore, RFRA does not authorize suits for money damages against the United States or against federal officers in their official capacities. Id.

Consequently, the Court should **DISMISS** Plaintiff's Bivens and RFRA claims for money damages against the United States and the individually-named Defendants in their official capacities.

## II. Dismissal of Claims Under RFRA

Plaintiff's Objections also have no impact on the Court's previous analysis of his RFRA claims. RFRA provides that a "person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain *appropriate relief* against a government." 42 U.S.C. § 2000bb-1(c) (emphasis added). Government is defined as "a branch, department, agency, instrumentality, and official (or other person acting under color of law) of the United States . . . ." 42 U.S.C. § 2000bb-2(1). While there is no binding precedent addressing whether RFRA provides claims against individual defendants, this Court has found that RFRA does not authorize suits for money damages against defendants in their individual capacity. See Davilla v. Nat'l Inmate Appeals Coordinator, No. CV212-005, 2012 WL 3780311, at *1–3 (S.D. Ga. Aug. 31, 2012). Accordingly, the Court should **DISMISS** Plaintiff's RFRA claims.[2] Moreover, even assuming that RFRA allows such suits against officers individually, Defendants here would enjoy qualified immunity, as discussed below in greater detail.

## III. Dismissal of Bivens and RFRA Claims Under Qualified Immunity

Plaintiff's Objections regarding whether his Bivens claims should be tolled are also immaterial because Defendants' qualified immunity arguments provide separate and independent grounds for dismissal. The United States Supreme Court has held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a

---

[2] Plaintiff does not assert any claims for injunctive relief. However, even if he had requested injunctive relief, those claims would be dismissed because Plaintiff is no longer incarcerated at FCI Jesup (or any other penal institution). Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (per curiam); Sumner v. State Bd. of Pardons & Paroles of Ga., 255 F. App'x 372, 373 (11th Cir. 2007) ("Given [Plaintiff's] release from prison, this court can no longer 'give meaningful relief' with respect to his claims seeking an injunction, and therefore those claims are moot.")

5

reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see Stough v. Gallagher, 967 F.2d 1523, 1525 (11th Cir. 1992). In determining whether a defendant is entitled to qualified immunity, the Supreme Court stated: the first inquiry must be whether a constitutional right would have been violated on the facts alleged; second, assuming the violation is established, the question whether the right was clearly established must be considered on a more specific level. Saucier v. Katz, 533 U.S. 194, 200 (2001).[3] The Court determined that the first component of the bifurcated test requires a finding that the officer's alleged conduct violated a constitutional right. Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)). Upon finding, in the light most favorable to Plaintiff, that the alleged actions exhibited a constitutional violation, the Court adhered to the doctrine that the right allegedly violated must be clearly established. Id.; Anderson v. Creighton, 483 U.S. 635, 640 (1987). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202; Wilson v. Layne, 526 U.S. 603, 615 (1999).

Here, even if Defendants did violate Plaintiff's constitutional rights by refusing to allow Santeria beads obtained from an unapproved source, the Eleventh Circuit recently held that such a right was not clearly established when Plaintiff alleges the violations occurred. Gladden, 777 F.3d at 1211–12. Plaintiff attempts to use various Bureau of Prisons' Program Statements and federal regulations as evidence that this right was clearly established at the time the violations occurred. (Doc. 16, pp. 15–16.) However, as the Eleventh Circuit established in Gladden, no prior case clearly establishes that "a prisoner can get religious property from outside sources when the religious items available through authorized means are not sufficient to meet the

---

[3] The Court has clarified, however, that these steps need not be analyzed sequentially. See Pearson v. Callahan, 555 U.S. 223, 236 (2009).

prisoner's religious needs." 777 F.3d at 1211–12.[4]  Furthermore, the Supreme Court has held that "officials sued for violation of constitutional rights[ ] do not forfeit their immunity by violating some other statute or regulation." Davis v. Scherer, 468 U.S. 183, 194 n.12 (1984).

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Defendants' Motion to Dismiss, (doc. 14), **DISMISS** Plaintiff's Complaint, and **DIRECT** the Clerk of Court to **CLOSE** this case. In addition, the Court should **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

---

[4] The Eleventh Circuit also found that the same policy challenged in this case did not violate the First Amendment. Gladden, 777 F.3d at 1211–12. This determination provides an additional and independent ground to dismiss Plaintiff's claims.

7

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO REPORTED** and **RECOMMENDED**, this 30th day of January, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA