# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

MANUEL FERNANDEZ-TORRES,     *
    *
    Plaintiff,     *      CIVIL ACTION NO.: 2:16-cv-24
    *
v.     *
    *
HARRELL WATTS; RAYMOND E. HOLT;     *
ANTHONY HAYNES; DR. BRUCE COX;     *
and UNITED STATES OF AMERICA,     *
    *
    Defendants.     *

## ORDER

Presently before the Court are Plaintiff's Objections, dkt. no. 25, to the Magistrate Judge's January 30, 2017, Report and Recommendation, dkt. no. 21. After an independent and *de novo* review of the entire record, the undersigned concurs with the Report and Recommendation. Accordingly, the Court **ADOPTS** the Report and Recommendation, as supplemented herein, as the opinion of the Court and **OVERRULES** Plaintiff's Objections. The Court **GRANTS** Defendants' Motion to Dismiss, **DISMISSES** Plaintiff's Complaint, **DENIES** Plaintiff leave to appeal *in forma pauperis*, and **DISMISSES AS MOOT** Plaintiff's Motions for Extension of Time to File Objections.[1] Dkt. Nos. 24, 27. The

---

[1] Plaintiff's timely filed Objections to the Report and Recommendation moot his later-filed Motions for Extension of Time to File Objections.

Court **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**BACKGROUND**

Plaintiff, a Santeria practitioner, was incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup") from 2010 until October 23, 2014. Dkt. No. 1, p. 3. During that time, he sought to have Santeria bead necklaces sent to him by outside sources rather than through the prison's approved vendor catalog. Id. at p. 4; Dkt. No. 1-1. Plaintiff stated that his religion requires him to wear Santeria beads that have been infused by a special ceremony with the spiritual force, Ache, and that beads sold by the prison's approved vendors are not guaranteed to have undergone this ceremony. Dkt. No. 1, p. 7. Beginning on October 28, 2011, Plaintiff filed a grievance and a series of appeals pursuant to the Bureau of Prisons' grievance policy. Dkt. Nos. 1-3, 1-5, 1-7. Defendant Watts denied Plaintiff's final appeal on January 24, 2013. Dkt. No. 1-8.

On October 23, 2014, Plaintiff was released to a halfway house in his home territory of Puerto Rico and then later to home confinement. Dkt. No. 1, p. 6. Since at least December 1, 2014, officials at FCI Jesup have allowed inmates to receive Santeria beads from sources other than the prison-approved vendors. Id. Plaintiff filed the present lawsuit more than a

year later, on February 18, 2016. In his Complaint, Plaintiff seeks compensatory damages, punitive damages, nominal damages, and the costs and expenses of litigation. Id. at p. 13. He claims Defendants violated the First Amendment's Free Exercise Clause, the Equal Protection Clause, and the Religious Freedom and Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, *et seq.* Id.

On February 26, 2016, the Magistrate Judge recommended dismissal of Plaintiff's claims due to statutory untimeliness and limitations on monetary relief under RFRA. Dkt. No. 4. However, the Magistrate Judge vacated this Report on June 6, 2016, after Plaintiff's Objections raised questions as to the timeliness of Plaintiff's Complaint. Dkt. No. 7. Concurrently, the Magistrate Judge directed the United States Marshals Service to serve Plaintiff's Complaint on Defendants. Dkt. No. 9. Defendants filed a Motion to Dismiss on September 14, 2016, to which Plaintiff filed a Response. Dkt. Nos. 14, 16. The Magistrate Judge issued a Report in which he recommended granting Defendants' Motion to Dismiss. Dkt. No. 21.

**DISCUSSION**

Plaintiff objects to the Magistrate Judge's recommendation to dismiss his: 1) individual capacity claims under RFRA; 2) Bivens and RFRA claims under qualified immunity; and 3) equal protection claims. Plaintiff also objects to the Magistrate Judge's recommendation that the Court deny Plaintiff *in forma*

*pauperis* status on appeal. Dkt. No. 25. The Magistrate Judge adequately addressed Plaintiff's individual capacity claims under RFRA, Defendants' qualified immunity for Plaintiff's Bivens and RFRA claims, and Plaintiff's *in forma pauperis* status on appeal. Thus, the Court will not repeat that analysis.[2]

However, the Court will address Plaintiff's Objection that the Court should allow his equal protection claim to proceed, because the Magistrate Judge did not specifically address that claim in his Report. Dkt. No. 25, p. 4. Plaintiff alleges in his Complaint that other religious faith groups—including Muslim, Catholic, and Jewish adherents—are allowed to practice their sincerely held beliefs by wearing their religious items "without restrictions whatsoever," whereas Santerian practitioners are prevented from doing the same. Dkt. No. 1, p. 7. In their Motion to Dismiss, Defendants argue that Plaintiff's equal protection claims fail because Plaintiff does not identify preferential treatment given to a similarly situated class. Dkt. No. 14, pp. 10-11. Defendants maintain that Plaintiff "does not allege he was unable to wear the Santeria necklaces and beads procured through the catalog of

---

[2] Furthermore, because Plaintiff only seeks monetary damages, the Magistrate Judge's qualified immunity analysis is virtually identical to the Eleventh Circuit Court of Appeals' analysis in Davila v. Gladden, 777 F.3d 1198, 1210-14 (11th Cir. 2015) (analyzing the same policy at FCI Jesup and finding qualified immunity applicable to plaintiff's RFRA and First Amendment claims and also providing independent, alternative reasons to dismiss those First Amendment claims).

approved vendors" and that, consequently, he fails to adequately allege that Defendants violated his equal protection rights. Dkt. No. 14, p. 11; Dkt. No. 26, p. 3. Specifically, Defendants contend that Plaintiff inappropriately analogizes other religious faith groups' ability to wear properly acquired religious items with Santerian practitioners' alleged inability to wear or procure religious items outside of the prison's approved vendor catalog.

To state a valid equal protection claim, a prisoner must show: (1) that he has been treated differently from other "similarly situated" inmates, and (2) that this discriminatory treatment is based upon a constitutionally impermissible basis, such as religion. Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (per curiam). Additionally, a prisoner must demonstrate that the defendants were motivated by a discriminatory intent or purpose. See Parks v. City of Warner Robins, 43 F.3d 609, 616 (11th Cir. 1995) (requiring "proof of discriminatory intent or purpose" to show an Equal Protection Clause violation); Elston v. Talladega Cty. Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir. 1993) (requiring a plaintiff to demonstrate that the challenged action was motivated by an intent to discriminate in order to establish an equal protection violation).

Plaintiff fails to allege that similarly situated prisoners received more favorable treatment. His claims are not based on

any contention that Defendants prevented him from wearing Santerian items obtained through the approved vendor catalog. Rather, Plaintiff's Complaint centers on his inability to procure such items outside of the prison's approved vendor catalog. However, he does not allege that other religious groups were allowed to obtain religious items outside of the approved vendor catalog. Instead, Plaintiff bases his equal protection arguments on the ability of other religious groups to wear their approved vendor religious items "without restriction." Dkt. No. 1, p. 7. The right to obtain religious items outside the approved vendor catalog and the right to wear approved vendor religious items are two separate and distinctive rights. See Gladden, 777 F.3d at 1212 (establishing that there is a clear distinction between the right to wear religious items and the right to obtain religious items from outside sources).

In sum, Plaintiff's equal protection claim fails because he does not allege that similarly situated inmates received more favorable treatment. Thus, the Court also **OVERRULES** this portion of Plaintiff's Objections and **DISMISSES** Plaintiff's equal protection claim for failure to state a claim.

### CONCLUSION

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation, dkt. no. 21, as supplemented herein, as the opinion of the Court and **OVERRULES** Plaintiff's Objections. The

AO 72A
(Rev. 8/82)

6

Court **GRANTS** Defendants' Motion to Dismiss, **DISMISSES** Plaintiff's Complaint, **DENIES** Plaintiff leave to appeal *in forma pauperis*, and **DISMISSES AS MOOT** Plaintiff's Motions for Extension of Time to File Objections. Dkt. Nos. 24, 27. The Court **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 29th day of March, 2017.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA